Nos. 25-1018(L), 25-1019, 25-1024

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

JEFFERSON GRIFFIN,
*Plaintiff – Appellee,*

v.

NORTH CAROLINA STATE
BOARD OF ELECTIONS,
*Defendant – Appellant,*

and

ALLISON RIGGS; NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS; VOTEVETS ACTION FUND; TANYA WEBSTER-DURHAM; SARAH SMITH; JUANITA ANDERSON,
*Intervenor-Defendants – Appellants.*

_____

On Appeal from the United States District Court for the
Eastern District of North Carolina, No. 5:24-cv-00724-M-RN

_____

### JUSTICE RIGGS' MOTION TO EXPEDITE

In the November 2024 general election, the North Carolina voters chose Intervenor-Defendant Allison Riggs for the N.C. Supreme Court Associate Justice term that began on January 1, 2025. It is a week into that term, and she has not yet received her certificate of election. While Justice Riggs is the incumbent and thus "holds over" in her current role until that certificate issues, Plaintiff Jefferson Griffin

1

is calling Justice Riggs an "improperly elected official" and questioning her right to "exercise the duties of her office." Griffin Pet. at 12, E.D.N.C. ECF No. 1-4.

Judge Griffin's rhetoric—and his efforts to throw out over 60,000 votes through a retroactive change in the voting laws that Defendant State Board of Elections found "would violate substantive due process protections under the U.S. Constitution," State Bd. Dec. & Order at 23, E.D.N.C. ECF No. 1-5 at 41—threaten to undermine public confidence in our elections. The voters are entitled to know that their votes matter; that the candidates they choose will assume the offices the voters chose them for, and that their votes cannot be thrown out by disappointed candidates seeking to retroactively gerrymander a win.

Justice Riggs respectfully submits that the public interest favors swift resolution of these election protests. Justice Riggs therefore moves under Local Rule 12(c) to expedite briefing, any oral argument, and the decision in this appeal by February 11, 2025, when the N.C. Supreme Court will first sit for the 2025 term.

1. On November 5, 2025, the North Carolina voters chose Justice Riggs over her opponent, Plaintiff Jefferson Griffin, in the general election for Seat 6 of the North Carolina Supreme Court. *See* Dist. Ct. Order at 2, E.D.N.C. ECF No. 50.

2. Shortly after the election, Judge Griffin filed a series of election protests seeking to overturn the results. The bulk of these protests present the same "substantial question of federal law" that a panel of this Court found "is

appropriately decided by the federal courts because it respects the federal-state balance envisioned by Congress and [the Help America Vote Act] itself." *Republican Nat'l Comm. v. N. Carolina State Bd. of Elections*, 120 F.4th 390, 408 (4th Cir. 2024).

3. On December 13, 2024, the State Board of Elections issued a Decision and Order dismissing the protests at issue here. The Board rejected those protests on several grounds, including because the U.S. Constitution and a host of federal civil rights laws prohibit the sort of mass disenfranchisement that Judge Griffin seeks.

4. On December 18, 2024, Judge Griffin filed a Petition for Writ of Prohibition directly with the N.C. Supreme Court. He asked the Supreme Court to "correct the vote count" while holding that this relief is consistent with "the [National Voter Registration Act], [the Help America Vote Act], the [Voting Rights Act], and the Civil Rights Act" and would not violate "the federal or state constitution." Griffin Pet. at 70–71, E.D.N.C. No. 1-4. Judge Griffin urged the Supreme Court to rule "on each of these issues, including issues of federal law, . . . [to] ensure finality across all litigation, for cases pending both in state and federal tribunals." *Id*. at 20.

5. On December 19, 2024, the State Board removed Judge Griffin's action to the Eastern District of North Carolina under "under 28 U.S.C. § 1441(a), which

3

permits removal of claims arising under federal law, and 28 U.S.C. § 1443(2), which authorizes removal when a party has been sued for refusing to act on the ground that performing the act would contravene federal civil rights law." Dist. Ct. Order at 5, E.D.N.C. ECF No. 50.

6. On January 6, 2025, the district court "abstain[ed] from deciding Griffin's motion under *Burford*, *Louisiana Power*, and their progeny and remand[ed] this matter to North Carolina's Supreme Court." Dist. Ct. Order at 1, E.D.N.C. ECF No. 50. The court raised those doctrines for the first time in its remand order; no party had cited them, and the district court provided no notice that it was considering dismissal on those grounds. All defendants appealed.

7. On January 7, 2025, the Board of Elections moved in this Court for a stay pending appeal. ECF No. 10. The Board explained that "abstention is inappropriate when state court proceedings threaten civil rights protected by federal law—and that, as far as the Board is aware, no federal court in history has *ever before* invoked *Burford* abstention in a federal civil-rights removal case." *Id*. at 3. It "is precisely a case like this one—where a party seeks to retroactively disenfranchise tens of thousands of eligible voters, in violation of multiple federal civil-rights laws—where the federal courts' 'virtually unflagging' obligation to exercise their federal subject-matter jurisdiction is most urgent. *Id*. (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)).

4

8. This Court should grant the stay pending appeal for the reasons stated in the Board's Motion. But regardless of whether it enters that stay, it should expedite briefing, any oral argument, and the decision in this appeal.

9. Elections protests under North Carolina law are intended to be "*fast-paced proceedings.*" *Bouvier v. Porter*, 900 S.E.2d 838, 850 (N.C. 2024). "[S]wiftness is the order of the day" to "facilitate" the "timely certification of elections." *Id.* Accordingly, a "certification" of election "shall issue" 10 days after the State Board's final decision on an election protest unless a petitioner can show that he is "*likely to prevail in the appeal.*" N.C. Gen. Stat. § 163-182.14(b) (emphasis added).

10. Judge Griffin has acknowledged the strong public interest here in finality and speed. As Judge Griffin recognizes, the "candidates and the public have a vital interest in this election receiving finality as expeditiously as possible." Griffin Pet. at 19. The voters chose Justice Riggs for the Associate Justice term that began on January 1, 2025. While Judge Griffin has already managed to delay her certification beyond the beginning of the term, there is still time to certify Justice Riggs' election before the N.C. Supreme Court's first sitting, on February 11, 2025.

11. The public interest in finality is particularly acute here because Judge Griffin's efforts to disenfranchise voters and to sow doubt about Justice Riggs' right to "exercise the duties of her office," *id.* at 12, threaten to undermine confidence in

5

our elections and judicial system. The Court should expedite this appeal so that his damaging claims can be heard—and rejected—on the merits as soon as possible.

12. Justice Riggs respectfully suggests that a briefing schedule be set that would allow this appeal to be argued during this Court's January 28–31, 2025 sitting. *Cf. Pierce v. N. Carolina State Bd. of Elections*, No. 24-1095 (4th Cir. Jan. 29, 2024) (ECF No. 30) (expediting election-related appeal and ordering "simultaneous briefs by February 5, 2024, and simultaneous replies by February 8, 2024"); *Cawthorn v. Amalfi*, No. 22-1251 (4th Cir. Apr. 7, 2022) (ECF No. 69). That expedited schedule would permit this Court to decide the appeal before the N.C. Supreme Court's February 11, 2025 sitting, and it would shorten the time period when Judge Griffin or others might question her right to "exercise the duty of her office." With each day that passes, Justice Riggs is signing every order that is issued for the Court unless she is recused in the matter. Accordingly, regardless of whether this Court grants that stay pending appeal, this Court should expedite this appeal. Judge Griffin's claims turn on, and are barred by, federal law; they should be resolved in federal court as promptly as possible. *See Republican Nat'l Comm.*, 120 F.4th at 408 (reversing remand order in related case); *see also Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 319 (2d Cir. 2000) (state-court petition "seeking review of an agency decision adjudicating a federal issue" arose "under federal law because of the nature of the federal question on which the outcome depended").

6

13. Counsel for all parties have been informed of the intended filing of this motion. The State Board responded that it will abide by whatever schedule the Court orders after considering the motion. Counsel for the other Intervening-Defendants consents to the motion. Judge Griffin intends to oppose the motion.

## CONCLUSION

The Court should expedite briefing, any oral argument, and the decision in this appeal.

Dated: January 8, 2025

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Raymond M. Bennett
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for North Carolina Associate Justice Allison Riggs*

7

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1381 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: January 8, 2025                     /s/ Raymond M. Bennett
                                           Raymond M. Bennett

                                           *Counsel for North Carolina Associate Justice Allison Riggs*