Nos. 25-1018, 25-1019, 25-1024

In the United States Court of Appeals
for the Fourth Circuit

JEFFERSON GRIFFIN,

*Petitioner-Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Respondent-Appellant*

and

ALLISON RIGGS, et al.,

*Intervenor-Respondents.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

**REPLY BRIEF IN SUPPORT OF RESPONDENT-APPELLANT'S MOTION FOR AN IMMEDIATE ADMINISTRATIVE STAY PENDING RULING ON STAY MOTION**

Mary Carla Babb
Terence Steed
Special Deputy Attorneys General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400
*Counsel for Respondent-Appellant*

Under Rule 27(a)(4) of the Federal Rules of Appellate Procedure, Respondent-Appellant the State Board of Elections respectfully submits this reply in support of its motion for a temporary administrative stay.

## ARGUMENT

Petitioner argues that the First Circuit's decision in *Forty Six Hundred LLC v. Cadence Education, LLC*, 15 F.4th 70 (1st Cir. 2021), "confirms that an administrative stay is not available." Opp. 2. But it is Petitioner—not the State Board—who "fails to disclose," Opp. 2, important portions of the First Circuit's instructive opinion.

Petitioner claims that no stay can issue here because, as in *Cadence Education*, there is "nothing left for [the appellate] court to stay" in light of the district court's premature remand order. Opp. 2 (alteration in original) (quoting *Cadence Educ.*, 15 F.4th at 73 n.2); *see* Opp. 8-9. But Petitioner entirely overlooks that in *Cadence Education*, a defendant in a similar position to the State Board "*voluntarily withdrew*" its motion for an appellate stay because the district court had erroneously remanded the case to state court without giving the defendant the chance to seek a stay that would preserve its right to appeal. *Cadence Educ.*, 15 F.4th at 73 n.2 (emphasis added). The

result of this voluntary choice was that further proceedings took place in state court between the time the district court entered its remand order and the time the First Circuit was able to reverse that order. *Id.* at 79. The First Circuit nonetheless held that it could exercise its supervisory power over the district court by instructing it to retrieve the case from the state court. *Id.* at 72. As the First Circuit explained, a district court's "premature return of the case to the state court does not constrain [an appellate court's] ability to remedy this error." *Id.* And the First Circuit went out of its way in seeking to prevent future immediate remand orders of this kind, cautioning district courts to "avoid immediately certifying the remand order and returning the case file to the state court until [they] believe[ ] the specter of shuttling [between state and federal court] has abated." *Id.* at 81.

The First Circuit's decision in *Cadence Education* is thus on all fours here. The fact that the defendant there voluntarily withdrew its request for an appellate stay only underscores the need for this Court to act immediately. By instructing the district court to retrieve this case from state court and entering a stay of the remand order, and any other relief needed to maintain the status quo, this Court would avoid

2

precisely the "illogical" situation that the First Circuit in *Cadence Education* sought to avoid in future cases: "allowing a district court to render the permitted appeal nugatory by prematurely returning the case to the state court," thereby "defeat[ing] the very purpose of permitting an appeal and leav[ing] a defendant who prevails on appeal holding an empty bag." *Id.* at 79.[1]

Petitioner claims that there is nothing to indicate that the North Carolina Supreme Court will allow this case to be sent back to the federal district court. Opp. 9. To the contrary, the State Board has informed the state supreme court that the State Board is pursuing this appeal, and the state supreme court's briefing order expressly acknowledges that a federal appeal is ongoing that may require the court to halt its proceedings. Mot. to Stay (Dkt. 10 at 91, (Ex. 3 at 62))

---

[1] To be sure, when the district court decided to remand, the certificate of election was at that time set to issue on January 10, 2025, and would have thereafter mooted the case. But that pending deadline was no reason for the district court to effect its remand order immediately. Petitioner had filed a motion for a preliminary injunction, D.E. 31, that the district court could have granted to stay the certificate of election from issuing while at the same time staying its remand order to permit the State Board to seek relief from this Court. Indeed, the district court had stayed a prior remand order for precisely this reason in a related case. *Republican Nat'l Comm. v. N.C. State Bd. of Elecs.*, No. 24-cv-547, Dkt. Entry 58 at 44 (E.D.N.C. Oct. 17, 2024).

3

("Even though we received notice from the Board of Elections of its appeal of the order from the United States District Court for the Eastern District of North Carolina, *in the absence of a stay from federal court*, this matter should be addressed expeditiously because it concerns certification of an election.") (emphasis added).

Petitioner suggests that this entry of a briefing order is itself sufficient progression of the case in state court to counsel against retrieving the case and staying the remand order. Opp. 9. But "modest proceedings" of this kind do not come anywhere close to justifying the denial of immediate relief to preserve the Board's right to a federal forum. *Cadence Educ.*, 15 F.4th at 78-79 (the fact that a case had "progressed (albeit modestly)" in a state forum does not "alone . . . defenestrate [the defendant's] entitlement to be heard in federal court or alter the outcome of this appeal"). The state court has merely entered a briefing order. No party has yet filed briefs. No party will file a brief until next Tuesday, and briefing will not conclude until January 24. Dkt. 10 at 92 (Ex. 3 at 63). Thus, if the Court acts now to effect the retrieval of the case from state court and stay the remand order, as well as any other relief needed to maintain the status quo, it will preserve

4

"general principles of comity, cooperation, and communication between state and federal courts" to "bridge this procedural gap" that the district court erroneously created through its premature remand order. *Cadence Educ.*, 15 F.4th at 80.

## CONCLUSION

For the foregoing reasons, the State Board asks this Court to exercise its supervisory power over the district court and direct it to retrieve the action forthwith from the state court, as well as issue an immediate administrative stay pending a ruling on the stay motion.

This the 9th day of January, 2025.

/s/ Mary Carla Babb
Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
MCBabb@ncdoj.gov

Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
TSteed@ncdoj.gov

*Counsel for State Board Respondent-Appellant*

5

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), and Local Rule 27.

This the 9th day of January, 2025.

                                            /s/ Mary Carla Babb
                                            Mary Carla Babb
                                            Special Deputy Attorney General
                                            N.C. State Bar No. 25731
                                            MCBabb@ncdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record.

This the 9th day of January, 2025.

<pre>
                          /s/ Mary Carla Babb
                          Mary Carla Babb
                          Special Deputy Attorney General
                          N.C. State Bar No. 25731
                          MCBabb@ncdoj.gov
</pre>

7