Nos. 25-1018(L), 25-1019, 25-1024

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

JEFFERSON GRIFFIN,
*Plaintiff – Appellee*,

v.

NORTH CAROLINA STATE
BOARD OF ELECTIONS,
*Defendant – Appellant*,

and

ALLISON RIGGS;
*Intervenor-Defendant – Appellant*,

and

NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS; VOTEVETS ACTION FUND; TANYA WEBSTER-DURHAM; SARAH SMITH; JUANITA ANDERSON,
*Intervenor-Defendants – Appellants*.

_____

On Appeal from the United States District Court for the
Eastern District of North Carolina, No. 5:24-cv-00724-M-RN

_____

1

## JOINT MOTION OF INTERVENOR-DEFENDANTS FOR LEAVE OF COURT TO FILE SEPARATE BRIEFS

Intervenor-Defendant Allison Riggs ("Justice Riggs"), and Intervenor-Defendants North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson (the "Voters"), jointly move for leave of court to file separate briefs in this expedited appeal. The State Board also consents to the relief requested in this motion. Counsel for Judge Griffin provided a conditional consent as noted below.

In support of this motion, Justice Riggs and the Voters show as follows:

1.     On November 5, 2025, the North Carolina voters chose Justice Riggs over her opponent, Plaintiff Jefferson Griffin, for Associate Justice of the North Carolina Supreme Court.

2.     Shortly after the election, Judge Griffin filed a series of election protests seeking to overturn the results.

3.     On December 13, 2024, the State Board issued a Decision and Order dismissing the protests at issue here.

4.     On December 18, 2024, Judge Griffin filed a Petition for Writ of Prohibition directly with the N.C. Supreme Court. He asked the Supreme Court to "correct the vote count" while ruling on various "issues, including issues of federal law, . . . [to] ensure finality across all litigation, for cases pending both in state and federal tribunals." Griffin Pet. at 20, EDNC ECF No. 1-4.

5. On December 19, 2024, the State Board removed Judge Griffin's action to the Eastern District of North Carolina. EDNC ECF No. 1.

6. That same day, Justice Riggs filed a consent motion to intervene. EDNC ECF No. 7. Justice Riggs explained that her interests were not the same as the State Board's: while the Board had a *general* interest in protecting the "adequacy and fairness of the November 2024 general election," Justice Riggs had a *specific* interest in protecting her election win. EDNC ECF No. 8 at 8.

7. Two days later, on December 21, 2024, the Voters filed a motion to intervene, which Judge Griffin opposed. The Voters sought intervention because resolution of this case will determine whether their votes in the 2024 election are counted, regardless of candidate preference. EDNC ECF Nos. 24, 25.

8. On December 26, 2024, the district court, by Text Order, granted intervention "as of right" to Justice Riggs and "permissive intervention" to the Voters.

9. On January 6, 2025, the district court "abstain[ed] from deciding Griffin's motion" and "remand[ed] this matter to North Carolina's Supreme Court." EDNC ECF No. 50 at 1. All defendants appealed.

10. On January 7, 2025, this Court consolidated the three separate appeals (No. 25-2018(L) *Griffin v. NC State Board of Elections*, No. 25-2019 *Griffin v. NC Alliance for Retired Americans*, and No. 25-1024 *Griffin v. Riggs*). *See* ECF No. 8.

3

11. On January 10, 2025, this Court granted the motion for expedited briefing and oral argument filed by Justice Riggs, and ordered that simultaneous opening briefs be filed on January 15, 2025 and simultaneous responsive briefs be filed on January 22, 2025, while setting oral argument in Richmond on January 27, 2025 at 3:30 p.m.  *See* ECF No. 33.

12. Local Rule 28(a) provides that one brief is permitted per side in consolidated appeals "unless leave" is "granted upon good cause shown."

13. Justice Riggs and the Voters, with the consent of the State Board, request that the Court allow separate briefs in this consolidated appeal because the Defendants' interests in the litigation, while overlapping "[a]t a high level of abstraction," are not "identical." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

14. The Board has a *general* interest in ensuring the adequacy and fairness of the November 2024 general election.  *See* N.C.G.S. § 163-182.12 (articulating the Board's authority "to assure that an election is determined without taint of fraud or corruption and without irregularities that may have changed the result of an election"); *Berger*, 597 U.S. at 198 (articulating that "the Board's overriding concern" is "for stability and certainty" in the laws governing state elections).

4

15. By contrast, Justice Riggs has an individual and *specific* interest in preserving her election to the North Carolina Supreme Court Associate Justice Seat 6 that entitled her to intervene in this case "as of right." The State Board's broader, institutional, interests will inevitably lead to a different approach and different arguments from her narrower and more specific interest in preserving her election win. *See Berger*, 597 U.S. at 198-99 (holding Speaker of House of Representatives and president pro tempore of the State Senate were entitled to intervene in action against the Board challenging the constitutionality of photo ID because they would "bring a distinct" interest "to bear on this litigation" and, unlike the Board, would "focus on defending the law vigorously on the merits without an eye to crosscutting administrative concerns"). Put differently, Justice Riggs seeks to protect her election win "full stop," while the Board has "to bear in mind broader public-policy implications." *Id.* at 196; *see Trbovich*, 404 U.S. at 539 ("[T]he Secretary has an obligation to protect the vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member" in challenging the outcome of an election).

16. In the same way, the Voters seek to advance their distinct interest in preserving their own voting rights and ensuring their ballots are counted—whether they voted for Justice Riggs or Judge Griffin. They do not share the State Board's duty to protect the broader public interest or their institutional interests in

administering the law consistently—but instead seek to protect their "right to vote freely for the candidate of one's choice," which is the "essence of a democratic society" and "at the heart of representative government." *Reynold v. Sims*, 377 U.S. 533, 555 (1964). In addition, while Justice Riggs' stated interest lies in preserving her election win, the Voters seek to preserve their own votes, regardless of candidate preference.

17. Accordingly, there is good cause for the State Board, Justice Riggs, and the Voters to file separate briefs in this appeal, each of whom has distinct interests that should be heard in full by the Court in this important matter.

18. Moreover, there is added good cause for filing separate briefs because of the expedited schedule for this appeal. If separate briefs are not permitted, the State Board and Defendant-Intervenors will need to complete their briefs in a few days while "confer[ring] and agree[ing] upon a means for assuring that the positions of all parties are addressed within the length limits allowed" and while giving "each counsel" an "opportunity to review and approve the consolidated brief before it is filed." Local Rule 28(d). Rather than requiring the State Board and the Intervenor-Defendants to collaborate on a joint brief that must incorporate the distinct interests of all three groups, the Court will benefit from counsel devoting the limited time available to the merits of the arguments.

19. Counsel have been informed of the intended filing of this motion. The State Board consents to the requested relief. It specifically notes that the State Board does have distinct interests from Intervenor-Defendants and agrees that coordinating a joint brief on this expedited timeline would be difficult.

20. Counsel for Judge Griffin consents to the request only insofar as the total word count across all three briefs is no more than 20,000 words, and so long as the parties are willing to consent to a reasonable motion to expand the word count for Judge Griffin, if necessary.

## CONCLUSION

The Court should permit the State Board, Justice Riggs, and the Voters to file separate briefs in this appeal.

Dated: January 13, 2025       Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Raymond M. Bennett
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for North Carolina Associate Justice Allison Riggs*

**PATTERSON HARKAVY LLP**

Narendra K. Ghosh
N.C. Bar No. 37649
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
919-942-5200
nghosh@pathlaw.com

**ELIAS LAW GROUP LLP**

Lalitha D. Madduri
Christopher D. Dodge
Tina Meng Morrison
250 Massachusetts Ave, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
cdodge@elias.law
tmengmorrison@elias.law

*Counsel for the North Carolina Alliance for Retired Americans, VoteVets Action Fund Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,279 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: January 13, 2025               /s/ Raymond M. Bennett
                                      Raymond M. Bennett

                                      *Counsel for North Carolina Associate Justice Allison Riggs*

9