

wombebonddickinson.com

**January 23, 2025**

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Via CM/ECF

Womble Bond Dickinson (US) LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601

**Re:   Justice Riggs' Response to Judge Griffin's Rule 28(j) Letter, ECF No. 88-1, in** *Griffin v. North Carolina State Board of Elections*, **Nos. 25-1018(L), 25-1019, 25-1024**

Raymond M. Bennett
Samuel B. Hartzell
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

Dear Ms. Anowi:

    Judge Griffin is wrong to suggest that this Court "postpone oral argument and order supplemental briefing to address the impact of [the Supreme Court of North Carolina's January 22, 2025] order on the merits of this appeal and this Court's jurisdiction."  ECF No. 88-1.  That Order is not a cause for delay; it clears the way for this Court to act and bolsters the case for expedited consideration.

    The Order simplifies this appeal.  In his stay and merits briefing, Judge Griffin argues that there is "every reason to believe" that the North Carolina courts would refuse to honor a stay or reversal order, since they "have already expended judicial and party resources exercising their jurisdiction."  Griffin Opp'n Admin. Stay at 9, ECF No. 17; *accord* Griffin Br. at 42–47, ECF No. 87.  The Supreme Court's Order undermines both premises.  First, the Supreme Court explicitly acknowledges this Court's authority: "If the Fourth Circuit grants [a] stay or reverses the district court's remand order, it will once again halt the statutory election protest process."  ECF No. 88-2 at 10 (Newby, C.J., concurring).  Second, Judge Griffin can no longer claim that proceedings are too far along in the Supreme Court for this Court to intervene.  The Supreme Court has dismissed Judge Griffin's petition after ordering a stay of certification that "should not be taken to mean that Judge Griffin will ultimately prevail on the merits."  JA337 (Allen, J., concurring).

    The Order could not affect this Court's jurisdiction.  The Order is not on the merits and thus could not be res judicata.  And the Order could not moot this appeal because, at a minimum, the stay of certification remains.  The parties retain a concrete interest in the outcome.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



January 23, 2025
Page 2

      The practical considerations favor resolution in this Court, the only forum where briefing is complete and oral argument is imminent. The Supreme Court's first sitting is now less than three weeks away (on February 11). All agree that the parties and public have a strong interest in finality before that first sitting. Only this Court is placed to provide it.

                                      Respectfully submitted,

                                      **Womble Bond Dickinson (US) LLP**

                                      /s/ Samuel B. Hartzell
                                      Raymond M. Bennett
                                      Samuel B. Hartzell

                                      *Counsel for Justice Allison Riggs*

cc:     Counsel of Record (via CM/ECF)