Nos. 25-1018, 25-1019, 25-1024

# In the United States Court of Appeals for the Fourth Circuit

JEFFERSON GRIFFIN,

*Petitioner-Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Respondent-Appellant,*

and

ALLISON RIGGS, ET AL.,

*Intervenor-Respondents.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

**PETITIONER-APPELLEE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, SUGGESTION OF MOOTNESS**

| | |
|---|---|
| Mark M. Rothrock | William T. Thompson |
| LEHOTSKY KELLER COHN LLP | *Counsel of Record* |
| 8513 Caldbeck Drive | Kyle D. Hawkins |
| Raleigh, NC 27615 | LEHOTSKY KELLER COHN LLP |
| (336) 416-3326 | 408 W. 11st Street, 5th Floor |
| mark@lkcfirm.com | Austin, TX 78701 |
| | (512) 693-8350 |
| | will@lkcfirm.com |
| | *Counsel for Petitioner-Appellee* |

TABLE OF CONTENTS

**PAGE**

Introduction ................................................................................................ 1

Statement of Facts .................................................................................... 2

Standard ..................................................................................................... 5

Argument ................................................................................................... 6

    I.   This Appeal Became Moot When the Supreme Court of North Carolina Dismissed Judge Griffin's Petition for a Writ of Prohibition. ................................................................ 6

    II.  The Stay Order Does Not Revive Jurisdiction in This Appeal. ................................................................................... 8

Conclusion ............................................................................................... 12

## INTRODUCTION

This appeal became moot when the Supreme Court of North Carolina dismissed the petition for a writ of prohibition underlying this appeal. Questions about the district court's remand order are now purely academic because the petition that was remanded to state court has been fully resolved. Having been dismissed, the petition is no longer pending in the Supreme Court. It cannot be returned to federal court.

Appellants have "no material interest in contesting the district court's remand order because [Petitioner's] lawsuit has now been dismissed." *Dudley-Barton v. Serv. Corp. Int'l*, 653 F.3d 1151, 1152-53 (10th Cir. 2011); *see also Dupervil v. All. Health Operations, LLC*, No. 21-505, 2022 WL 3756009, at *1 (2d Cir. Aug. 1, 2022); *Skiles v. CarePlus Health Plans*, Inc., No. 14-14087-BB, 2015 WL 1801272, at *1 (11th Cir. Apr. 7, 2015).

The stay preventing the Board from mooting Judge Griffin's petitions for judicial review does not change the analysis. The Supreme Court's authority to enter that stay did not depend on the remand order at issue in this appeal and would not be affected by any ruling in this appeal. The North Carolina Constitution gives the Supreme Court broad authority to oversee the separate litigation concerning the petitions for judicial review pending in the Superior Court of Wake County. Put simply, a stay pending resolution of the petitions for judicial review (the subject of a separate appeal) does nothing

to revive the already-dismissed petition for a writ of prohibition (the subject of this appeal).

Accordingly, the Court should dismiss this appeal as moot.

## STATEMENT OF FACTS

**A.** The full factual background is set out in Judge Griffin's brief on appeal. Dkt. 87 at 4-12. Relevant here, this appeal arises from a petition for a writ of prohibition filed in the Supreme Court of North Carolina on December 18, 2024. JA19-104. That petition asked the Supreme Court of North Carolina "to issue a writ of prohibition to stop the State Board of Elections from counting unlawful ballots cast in the 2024 general election" for Seat 6 of the North Carolina Supreme Court. JA32.

On December 19, 2024, the Board removed Judge Griffin's petition for a writ of prohibition from the Supreme Court of North Carolina to the district court below. The Clerk of the Eastern District of North Carolina docketed that case under case number 5:24-cv-00724-M-RN. Concluding that abstention was warranted, the district court remanded the case to the Supreme Court of North Carolina on January 6, 2025. JA327. The district court effectuated the remand the same day. JA328. The Board filed a notice of appeal, JA329, and this Court docketed that appeal as case number 25-1018. Intervenors' appeals from the same order were docketed as case numbers 25-1019 and 25-1024 and consolidated with 25-1018. The Court then granted Justice

Riggs's motion to expedite that appeal. Expedited briefing concluded on January 22, 2025.

The same evening that Judge Griffin filed his merits brief in this appeal, the Supreme Court of North Carolina "dismisse[d] the petition for writ of prohibition." Dkt. 88-2 at 4. That formally and finally terminated state-court proceedings in connection with Judge Griffin's petition for a writ of prohibition. But the Supreme Court did not rule against Judge Griffin on the merits. It simply concluded that the underlying issues should be considered in the first instance by the Superior Court of Wake County in a separate proceeding. The Supreme Court ordered the Superior Court to "proceed expeditiously" and ruled that the stay preventing the Board from certifying the election would remain in place "until the Superior Court of Wake County has ruled on petitioner's appeals and any appeals from its rulings have been exhausted." *Id.*

**B.** Although this appeal turns exclusively on Judge Griffin's petition for a writ of prohibition, the petitions for judicial review underlying the separate proceedings in the Superior Court provide important context.

On December 20, 2024, Judge Griffin filed three petitions for judicial review in the Superior Court of Wake County—the North Carolina trial court charged with reviewing appeals by "aggrieved part[ies]" of the final decision by the Board on an election protect. *Griffin v. N.C. State Bd. of Elecs.*, No. 5:24-cv-731-M-RJ (E.D.N.C.), D.E. 1-4 at 3. Each petition sought "judicial review of the Decision and Order entered against him by the State Board of

3

Elections on 13 December 2024 regarding one categor[y] of protests filed by Judge Griffin." *Id.* at 2.

On December 20, 2024, the Board removed Judge Griffin's petitions for judicial review to federal district court. The Clerk of the Eastern District of North Carolina docketed that case under case number 5:24-cv-00731-M-RJ—a different case number from the one assigned to the removal of Judge Griffin's petition for a writ of prohibition.

Just as the district court below abstained and remanded case number 5:24-cv-00724-M-RN—that is, the case involving the petition for a writ of prohibition—to the Supreme Court of North Carolina, so too did it remand case number 5:24-cv-00731-M-RJ—that is, the petitions for judicial review—to the Superior Court of Wake County. *Id.*, D.E. 24. The district court effectuated the remand that same day by mailing a letter regarding the remand to the Clerk of the Superior Court of Wake County. *Id.*, D.E. 25. The Board then filed a notice of appeal in case number 5:24-cv-00731-M-RJ, just as it had done in case number 5:24-cv-00724-M-RN.

The Clerk of this Court docketed the Board's appeal relating to the petitions for judicial review as case number 25-1020. The Board moved this Court for a temporary administrative stay and a stay pending appeal in case number 25-1020. The Court has not ruled on that motion.

Later, this Court sua sponte expedited briefing in case number 25-1020. Dkt. 19. This Court has not set a date for oral argument.

4

**C.** Judge Griffin now brings this motion to dismiss the appeals in case numbers 25-1018, 25-1019, and 25-1024. This motion is necessitated by the Supreme Court of North Carolina's order of January 22, 2025, dismissing Judge Griffin's petition for a writ of prohibition and consequently rendering this appeal moot. This motion to dismiss has no formal bearing on the pending appeal in case number 25-1020.[1]

## STANDARD

"If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Int'l Bhd. of Teamsters v. Airgas, Inc.*, 885 F.3d 230, 235 (4th Cir. 2018); *see Fleet Feet, Inc. v. Nike, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* It is axiomatic that once a party receives the "precise relief" they sought

---

[1] Ordinarily, the deadline for an appellee to file a motion to dismiss is the same as the deadline for appellee's response brief—in this case, January 22, 2025. Local Rule 27(f)(2). However, it was not possible for Judge Griffin to file a motion to dismiss by that date, because the jurisdictional defect Judge Griffin now asserts did not exist until the evening of January 22, when the Supreme Court of North Carolina dismissed the petition for a writ of prohibition. Accordingly, Judge Griffin respectfully requests that this Court treat this motion to dismiss as timely. *Cf.* Oral Argument at 1:05:29-1:05:38, https://www.youtube.com/live/EwhHQiHXpno (Judge Heytens: "The Federal Rules of Appellate Procedure say you can file a motion to dismiss any old time you want to.").

5

in the case, "win or lose," no decision a federal appellate court could issue "would have any 'practical effect' in the real world," meaning that the "issues presented are no longer 'live'" and that the case is therefore moot. *Eden, LLC v. Justice*, 36 F.4th 166, 169-70 (4th Cir. 2022) (citation omitted); *see Fleet Feet*, 986 F.3d at 463 (noting an appeal becomes moot when changing circumstances "foreclosed any possible relief to [appellant]").

## ARGUMENT

Appellants have already received the ultimate relief they wanted from the start: dismissal of Judge Griffin's petition for a writ of prohibition. That dismissal rendered this appeal moot. Nothing about the stay issued by the Supreme Court of North Carolina in connection with the pending petitions for judicial review in the Superior Court of Wake County revives this Court's jurisdiction over an order remanding the now-dismissed petition for a writ of prohibition. This appeal should be dismissed.

**I. This Appeal Became Moot When the Supreme Court of North Carolina Dismissed Judge Griffin's Petition for a Writ of Prohibition.**

When the Supreme Court of North Carolina dismissed Judge Griffin's petition for a writ of prohibition, there ceased to be a live case or controversy over whether that petition should be heard in state court or in federal court. Appellants received the ultimate relief they wanted. *See* Dkt. 52 at 50 (requesting that the court "exercise federal jurisdiction over the merits of this dispute"). As Judge Niemeyer correctly observed at oral argument, even if

this Court were to order the district court to pursue Appellant's proposed "request" remedy, there is nothing to retrieve from the Supreme Court of North Carolina. *See* Oral Argument at 15:19-15:56. Whatever disagreements the parties may have in *other* pending litigation, *this appeal* no longer carries any "practical effect in the real world." *Eden*, 36 F.4th at 170 (cleaned up). It is therefore moot.

    Other courts of appeals unanimously agree that in removal cases, a federal appeal becomes moot when the state court dismisses the underlying action, as is the case here. In *Dudley-Barton*, the Tenth Circuit squarely held that when a case is dismissed in state court during the pendency of an appeal, the federal appeal becomes moot. 653 F.3d at 1152-53. There, Appellants appealed a federal district court's remand order. While the federal appeal was pending, the claims (now in state court) were voluntarily dismissed. The Tenth Circuit held that "there [wa]s no meaningful dispute remaining between the parties: [defendant-appellant] has no material interest in contesting the district court's remand order because Plaintiffs' lawsuit has now been dismissed." *Id.* at 1152. Other circuits have reached the same conclusion. *See Dupervil*, 2022 WL 3756009, at *1; *Skiles*, 2015 WL 1801272, at *1.

    This Court should join that settled authority and dismiss this appeal as moot.

7

## II. The Stay Order Does Not Revive Jurisdiction in This Appeal.

Appellants argue that the Supreme Court's stay establishes that this appeal is still live, Dkt. 89, 91, but they misunderstand the stay's relationship to the two separate proceedings. To be sure, the parties have an ongoing dispute, but it is not a dispute about the remand order at issue in *this* appeal. The stay, and the parties' ongoing dispute, now relate to the separate remand order at issue in case number 25-1020. Nothing in Supreme Court of North Carolina's January 22 order allows this Court to maintain jurisdiction over this appeal.

On its face, the Supreme Court of North Carolina's order applied to two separate proceedings: the petition for a writ of prohibition pending in the Supreme Court, and the petitions for judicial review pending in the Superior Court of Wake County. Regarding the petition for a writ of prohibition, the order "dismisse[d]" it "on [the court's] own motion." Dkt. 88-2 at 4. Regarding the petitions for judicial review pending in the Superior Court of Wake County, the lower court was "ordered to proceed expeditiously." *Id.*

But that raised an issue with the pre-existing stay. The Supreme Court had originally granted Judge Griffin's request for a stay to ensure that the Board would not moot his claims before the Supreme Court could decide the petition for a writ of prohibition. JA335. As Justice Allen explained in a concurrence, the stay "merely ensured that" the Supreme Court would "have adequate time to consider the arguments made by Judge Griffin in his petition for writ of prohibition" because "in the absence of a stay, the State Board

8

of Elections will certify the election, thereby rendering his protests moot." JA337. Thus, if the Supreme Court had simply dismissed the petition for a writ of prohibition, it would have effectively dissolved the stay and allowed the Board to certify the election.

But the Supreme Court recognized that a stay pending resolution of the petitions for judicial review was just as appropriate as a stay pending resolution of the petition for a writ of prohibition had been. Indeed, Judge Griffin's petitions for judicial review had expressly requested a stay. *Griffin v. N.C. State Bd. of Elecs.*, No. 5:24-cv-731 (E.D.N.C.), D.E. 1-4 at 2, D.E. 1-8 at 2, D.E. 1-12 at 2. Because the dismissal reflected a procedural ruling regarding the appropriate vehicle for considering Judge Griffin's arguments, not a rejection of Judge Griffin's position on the merits, a stay remained necessary. As before, "in the absence of a stay, the State Board of Elections" would have "certif[ied] the election, thereby rendering [Judge Griffin's] protests moot." JA337.

To ensure that the petitions for judicial review—which the Supreme Court ordered should be decided "expeditiously"—were not mooted, the Supreme Court effectively transferred the stay to those cases. Instead of a stay pending resolution of the petition for a writ of prohibition (which was already resolved), the Supreme Court ordered that the stay would now "remain in place until the Superior Court of Wake County has ruled on petitioner's appeals and any appeals from its rulings have been exhausted." Dkt.

9

88-2 at 4. The Supreme Court thereby guaranteed its own jurisdiction to review the trial court's rulings on the petitions for judicial review.

Notably, the Supreme Court's power to enter such a stay did not depend on the remand order at issue in this appeal. Because the petitions for judicial review had been separately remanded to the Superior Court of Wake County, that litigation was pending in the state courts regardless of the remand of the petition for a writ of prohibition. The Supreme Court of North Carolina has broad constitutional authority to exercise "general supervision and control over the proceedings of the other courts." N.C. Const. art. IV, § 12(1). This power includes the ability to prevent manifest injustice by modifying the requirements of its rules and ordering proceedings as it deems necessary. *See* N.C. R. App. P. 2.

The existence of a live dispute in case number 25-1020 about the petitions for judicial review does not give the Court jurisdiction in this appeal about the remand of the petition for a writ of prohibition. Appellate courts routinely conclude that appeals have become moot even though the parties remain at odds in related proceedings. For example, "an appeal from the grant of a preliminary injunction" generally "becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). That is true even though the parties have a live dispute over the permanent injunction. *See, e.g., Mayor of Baltimore v. Azar*, 973 F.3d 258, 295-96 (4th Cir. 2020) (en banc) (dismissing preliminary-injunction appeal as moot

10

but reviewing the permanent injunction on the merits). Similarly, consider *Fleet Feet*, in which this Court dismissed a preliminary-injunction appeal as moot even though the parties continued to dispute damages issues. *See Fleet Feet*, 986 F.3d at 463, 467; *Fleet Feet Inc. v. Nike, Inc.*, No. 1:19-cv-885-CCE-JEP (M.D.N.C.), D.E. 7 at 21 (requesting damages).

As these cases illustrate, the Court should analyze the mootness of each proceeding independently. That the parties have a live dispute in case number 25-1020 concerning the order remanding the petitions for judicial review does not affect the mootness of the appeal in this case concerning the order remanding the petition for a writ of prohibition.

\* \* \*

From the moment Judge Griffin filed his petition for a writ of prohibition in the Supreme Court of North Carolina, Appellants have pursued only one goal: dismissal (or denial) of that petition. Last week, they achieved that goal. The petition for a writ of prohibition has been dismissed. That makes this appeal moot. To be sure, the parties continue to litigate the petitions for judicial review pending in the Superior Court of Wake County, and the Supreme Court of North Carolina continues to exercise its constitutional prerogative to maintain the status quo and prevent certification until the Superior Court proceedings are resolved. But those issues do not arise in *this* appeal. In this appeal—case numbers 25-1018, 25-1019, and 25-1024—this Court now lacks jurisdiction**.**

## Conclusion

This Court should grant this motion and dismiss this appeal for lack of jurisdiction. Pursuant to Local Rule 27(a), Judge Griffin's counsel has notified Appellants' counsel that he intends to file this motion. Appellants' counsel have responded that they intend to file responses in opposition to the motion.

                                Respectfully submitted.

| | |
|---|---|
| | /s/ *William T. Thompson* |
| Mark M. Rothrock | William T. Thompson |
| LEHOTSKY KELLER COHN LLP | *Counsel of Record* |
| 8513 Caldbeck Drive | Kyle D. Hawkins |
| Raleigh, NC 27615 | LEHOTSKY KELLER COHN LLP |
| (336) 416-3326 | 408 W. 11st Street, 5th Floor |
| mark@lkcfirm.com | Austin, TX 78701 |
| | (512) 693-8350 |
| | will@lkcfirm.com |

*Counsel for Petitioner-Appellee*

12

## CERTIFICATE OF SERVICE

I certify that on January 31, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ *William T. Thompson*
William T. Thompson

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), and Local Rule 27.

Dated: January 31, 2025

/s/ *William T. Thompson*
William T. Thompson

14