No. 25-1018(L), 25-1019, 25-1024

In the United States Court of Appeals
for the Fourth Circuit

JEFFERSON GRIFFIN,

*Petitioner-Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Respondent-Appellant,*

and

ALLISON RIGGS, et al.,

*Intervenor-Respondents.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

# RESPONDENT-APPELLANT'S RESPONSE IN OPPOSITION TO PETITIONER-APPELLEE'S MOTION TO DISMISS

Ryan Y. Park
Solicitor General

Nicholas S. Brod
James W. Doggett
Deputy Solicitors General

Sripriya Narasimhan
Deputy General Counsel

Trey A. Ellis
Solicitor General Fellow

Mary Carla Babb
Terence Steed
Special Deputy Attorneys General

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400

*Counsel for Respondent-Appellant*

The North Carolina State Board of Elections respectfully submits this response to Petitioner's motion to dismiss this appeal as moot. Dkt. 125.

1.  This appeal is not moot. Petitioner is correct that the North Carolina Supreme Court's January 22 order dismissed his petition for a writ of prohibition. *See Griffin v. N.C. State Bd. of Elections*, No. 320P24, 2025 WL 263400, at *1 (N.C. Jan. 22, 2025). But Petitioner proceeds as if this were all the relief that the state supreme court ordered. To the contrary, the state supreme court not only dismissed the petition, but it also maintained a stay of the certification of the election—a stay that the court originally entered on January 7 *in this case* and that the court is continuing to enforce pursuant to its exercise of jurisdiction *in this case. See id.* Petitioner is thus incorrect that by dismissing the petition for a writ of prohibition, the state supreme court purported to "formally and finally terminate[ ] state-court proceedings" here. Mot. at 3.

2.  The parties, moreover, dispute this stay. They have a legally cognizable interest in its outcome because resolving this appeal in the Board's favor would have a "practical effect on the outcome of the

1

matter." *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010). If this Court were to reverse the district court's remand order, the district court would retrieve this case from the North Carolina Supreme Court, and the stay would become the district court's own interlocutory order that—as with any interlocutory order—the district court could modify, enforce, or lift. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings" in an action removed from state court "prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

3.  Petitioner has only one response. The North Carolina Supreme Court's January 22 order, Petitioner claims, "effectively transferred" the court's stay from the writ of prohibition case at issue here to the separate state-trial-court proceedings. Mot. at 9. But the court's order said no such thing, *Griffin*, 2025 WL 263400, at *1, and Petitioner cites no language in that order "effectively transferring" the stay from one case to another. Instead, by maintaining a stay in this case, but in deference to the trial-court proceedings at issue in *Griffin v. North Carolina State Board of Elections*, No. 25-1020 (*Griffin II*), the

2

state supreme court's order appears to treat the two proceedings as different parts *of a single case*.

4. This treatment makes sense. As discussed in the Board's January 30, 2025 response to this Court's order in *Griffin II*, the issues in this appeal are materially identical to the issues in *Griffin II*. And Petitioner concedes that the *Griffin II* appeal remains a "live dispute," Mot. at 10, 11, given the ongoing proceedings in state trial court. In light of these developments, the Board respectfully submits that the most sensible course would be for this Court to consolidate this appeal with the appeal in *Griffin II* and decide the appeals together, or alternatively to resolve both appeals on the same grounds.

## CONCLUSION

This Court should deny the motion.

This the 3rd day of February, 2025.

>
> Ryan Y. Park
> Solicitor General
>
> /s/ Nicholas S. Brod
> Nicholas S. Brod
> Deputy Solicitor General
>
> James W. Doggett
> Deputy Solicitor General

3

Sripriya Narsimhan
Deputy General Counsel

Trey A. Ellis
Solicitor General Fellow

Mary Carla Babb
Terence Steed
Special Deputy Attorneys General

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400

*Counsel for State Board Respondent-Appellant*

4

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 533 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B). This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a proportionally spaced typeface: 14-point Century Schoolbook font.

This the 3rd day of February, 2025.

/s/ Nicholas S. Brod
Nicholas S. Brod

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record

This the 3rd day of February, 2025.

<u>/s/ Nicholas S. Brod</u>
Nicholas S. Brod