Nos. 25-1018(L), 25-1019, 25-1024

————————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

————————————

JEFFERSON GRIFFIN,
*Plaintiff – Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,
*Defendant – Appellant,*

and

ALLISON RIGGS *et al.*,
*Intervenor-Defendants – Appellants.*

————————————

On Appeal from the United States District Court for the
Eastern District of North Carolina, No. 5:24-cv-00724-M-RN

————————————

**<u>JUSTICE RIGGS' RESPONSE IN OPPOSITION TO JUDGE
GRIFFIN'S MOTION TO DISMISS</u>**

Justice Riggs files this response in opposition to Judge Griffin's

Motion to Dismiss, ECF No. 125.

**INTRODUCTION**

In December 2024, the State Board of Elections dismissed all of

Judge Griffin's protests and "sat poised to issue a certificate of election to

Justice Riggs." Griffin Br. at 9, ECF No. 87. The State Board has not yet issued that certificate for one reason: because the Supreme Court of North Carolina issued a stay of certification *in this case.*

That stay of certification remains in place today. It is the only thing preventing the State Board from finalizing this election. The parties thus "'continue to have a personal stake' in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990)). The case and appeal are not moot. The Court should deny Judge Griffin's Motion to Dismiss.

## BACKGROUND

Once the State Board serves its final decision on election protests, a certificate of election "shall be issued" unless "the certificate is stayed." N.C. Gen. Stat. § 163-182.15(b)(1). That stay of certification is entered only if a court determines that an aggrieved party "is likely to prevail" in overturning the Board's decision. *Id*. § 163-182.14(b).

The State Board dismissed the last of Judge Griffin's protests on December 27, 2024. *See* State Board Br. at 7 n.2, ECF No. 52. "As a result, under state law, absent a court order to the contrary, the Board was required to certify the election by January 10, 2025." *Id*.

Judge Griffin filed this action in the N.C. Supreme Court to "ask[] that court to stop the Board from issuing a certificate of election." Griffin Br. at 9–10. The Supreme Court docketed the case as No. 320P24.

On January 7, 2025, and shortly after the district court remanded this action, the Supreme Court allowed Judge Griffin's "motion for temporary stay" in No. 320P24. JA335. Two weeks later, on January 22, the Supreme Court dismissed Judge Griffin's petition on state-law procedural grounds while ordering, "Absent further action by this Court, *the temporary stay allowed on 7 January 2025 shall remain in place* until the Superior Court of Wake County has ruled on petitioner's appeals and any appeals from its rulings have been exhausted." ECF No. 88-2 at 4 (emphasis added).

## ARGUMENT

Judge Griffin is wrong to argue that Justice Riggs has "received the ultimate relief [she] wanted from the start." Mot. Dismiss at 6, ECF No. 125. Justice Riggs wants the State Board to certify her election victory.

As Judge Griffin recognizes, "if the Supreme Court had simply dismissed the petition for a writ of prohibition, it would have effectively dissolved the stay and allowed the Board to certify the election." *Id*. at

9.  But that is not what happened.  The Supreme Court instead ordered that the stay of certification entered in this case shall remain in place. That continuing stay makes clear that this appeal is not moot.

## I. This Appeal Is Not Moot

The parties have a concrete interest in the outcome of this appeal. In arguing otherwise, Judge Griffin relies heavily on a Tenth Circuit case in which the plaintiffs "voluntarily dismissed their claims against [the defendant]" and there was "no meaningful dispute remaining between the parties." *Dudley-Barton v. Serv. Corp. Int'l*, 653 F.3d 1151, 1152 (10th Cir. 2011).  Neither of those circumstances is present here.

First, Judge Griffin has not voluntarily dismissed this action.  A voluntary dismissal would have "vitiat[ed] and annul[led] all prior proceedings and orders in the case." *United States v. Goldston*, 440 F. App'x 657, 660 (10th Cir. 2011) (quoting *Oneida Indian Nation of New York State v. Oneida Cnty.*, 622 F.2d 624, 629 (2d Cir. 1980)); *accord Dodd v. Steele*, 442 S.E.2d 363, 366 (N.C. Ct. App. 1994) ("Under North Carolina law, it is clear that a voluntary dismissal terminates a case and precludes the possibility of an appeal" because there is "'nothing left on which to appeal after the voluntary dismissal'" (quoting *Lloyd v.*

*Carnation Co.*, 301 S.E.2d 414, 416 (N.C. Ct. App. 1983))). If Judge Griffin or the Supreme Court had "formally and finally terminated state-court proceedings in connection with Judge Griffin's petition for a writ of prohibition," Mot. Dismiss at 3, then the stay of certification would no longer be in place and Justice Riggs would have her certificate of election.

Second, this appeal continues to present meaningful disputes between the parties. They dispute the merits of Judge Griffin's claims, including whether federal law permits retroactive, selective disenfranchisement. They dispute whether the state or federal courts should resolve those claims. And they dispute whether the stay of certification issued here should remain in force.

The N.C. Supreme Court's January 22 order mooted none of those disputes. Those merits and jurisdictional issues remain hotly contested, and this Court has the power to resolve them. Even if there were some practical reason to doubt this Court's authority to decide those issues—and, to be clear, there should not be—a case "becomes moot only when it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." *Chafin*, 568 U.S. at 172 (emphasis added) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

5

Judge Griffin has not shown that it would be impossible for this Court to grant meaningful relief on the merits.

In any event, the stay of certification alone prevents mootness. While this appeal encompasses more than just the certification stay, "even the availability of a partial remedy is sufficient to prevent a case from being moot." *Chafin*, 568 U.S. at 177 (alteration in original) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)). To prevail on his Motion to Dismiss, Judge Griffin must explain why the parties have no concrete interest in the stay entered—and currently in force—in this case.

## II. Judge Griffin Cannot Explain Why the Parties Have No Concrete Interest in the Stay of Certification in This Case

Judge Griffin acknowledges that "the parties have an ongoing dispute," but he claims that dispute is live only in "case number 25-1020 concerning the order remanding the petitions for judicial review." Mot. Dismiss at 8, 11.

Judge Griffin claims that the Supreme Court's order in this case actually "applied to two separate proceedings": the Supreme Court action at issue in this appeal; and the Superior Court action at issue in No. 25-1020. *Id.* at 8. According to Judge Griffin, when the Supreme Court

ordered that the "temporary stay allowed on 7 January 2025 shall remain in place," it was *not* continuing the stay in this case. ECF No. 88-2 at 3. Instead, "the Supreme Court effectively transferred the stay" to the Superior Court action. Mot. Dismiss at 9.

This argument finds no support in the N.C. Supreme Court's orders. The Supreme Court first entered the stay of certification in No. 320P24. JA335. The Supreme Court then ordered in No. 320P24 that the stay "shall remain in place." ECF No. 88-2. The stay thus remains in No. 320P24—the action at issue in this appeal.

At most, Judge Griffin's arguments suggest that the N.C. Supreme Court has functionally consolidated the Supreme and Superior Court actions. While that practical-consolidation approach is consistent with the way the parties and district court have treated the cases, it does not support Judge Griffin's mootness argument. If, as Judge Griffin claims, the Supreme Court's order in No. 320P24 "applied to two separate proceedings," Mot. Dismiss at 8, that would *increase* the importance of No. 320P24 and thus of this appeal.

## CONCLUSION

The Court should deny Judge Griffin's Motion to Dismiss.

Dated: February 3, 2025      Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for Justice Allison Riggs*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,272 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook.

Dated: February 3, 2025          /s/ Samuel B. Hartzell
                                 Samuel B. Hartzell

                                 *Counsel for Justice Allison Riggs*