IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| JEFFERSON GRIFFIN,<br><br>*Petitioner-Appellee*,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>*Respondent-Appellant*,<br><br>and<br><br>ALLISON RIGGS, et al.,<br><br>*Intervenor-Respondents*. | Nos. 25-1018(L), 25-1019, 25-1020, 25-1024 |

**RESPONDENT-APPELLANT'S MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE**

Under Appellate Rule 41(b), Respondent-Appellant respectfully moves this Court to direct the Clerk to issue the mandate in this appeal immediately.

1.     On February 4, 2025, this Court consolidated Case Nos. 25-1018, 25-1019, 25-1020, and 25-1024. Dkt. 131. It also issued an opinion and judgment in those appeals that affirmed in part, modified in part, and remanded to the district court with instructions to "modify

its order to expressly retain jurisdiction of the federal issues identified in the Board's notice of removal should those issues remain after the resolution of the state court proceedings, including any appeals." Dkt. 132 at 11; Dkt. 133.

2.  Under Appellate Rules 40(d)(1) and 41(b), this Court's mandate issues "7 days after the time to file a petition for rehearing expires"—here, February 25, 2025—unless a party seeks panel rehearing, en banc rehearing, or a stay.

3.  This Court "may shorten or extend" that time period "by order." Fed. R. App. P. 41(b).

4.  The Board respectfully submits that the mandate should issue immediately. The parties are litigating this dispute in the state courts, with the state trial court having denied Petitioner's petitions for judicial review after a hearing on Friday, February 7. (The trial court's orders are attached as Exhibit A.) At that hearing, counsel for Petitioner stated his position that until this Court's mandate issues, the district court's abstention-based remand order under *Burford* remains in effect. The North Carolina Supreme Court's January 22 order instructed the state courts to proceed "expeditiously." *Griffin v. N.C.*

2

*State Bd. of Elections*, No. 320P24, 2025 WL 263400, at *1 (N.C. Jan. 22, 2025). To ensure that the district court's order is properly modified to retain its jurisdiction over the federal issues here under *Pullman* before the conclusion of state-court proceedings—and to avoid any doubt about the district court's ability to exercise its jurisdiction over the federal issues, consistent with this Court's opinion—this Court should issue the mandate now.

5.  Under Appellate Rule 41(b), the issuance of this Court's mandate is stayed if a party seeks panel or en banc rehearing, or a stay of the mandate pending a petition for a writ of certiorari. The Board does not intend to seek relief of that kind. Whether the other parties may seek that relief, there is no reason to believe that this Court's unanimous, unpublished decision would satisfy the criteria for a petition for rehearing, *see* Fed. R. App. P. 40(b); or a stay pending a petition for a writ of certiorari, *see id.* R. 41(d)(1). Thus, there is no reason to await any such filing before issuing the mandate here.

6.  Under Local Rule 27(a), the Board informed counsel for the other parties of its intent to file this motion. All Intervenor-

3

Respondents consent to the motion. Petitioner-Appellee opposes the motion and plans to file a response.

Respectfully submitted, this the 10th day of February 2025.

/s/ Terence Steed
Terence Steed
Mary Carla Babb
Special Deputy Attorneys General

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
(919) 716-6400
nbrod@ncdoj.gov
tsteed@ncdoj.gov
mcbabb@ncdoj.gov

*Counsel for Respondent-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with Federal Rule of Appellate Procedure 27(d) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 480 words.

Respectfully submitted, this the 10th day of February 2025.

/s/ Terence Steed
Terence Steed

## CERTIFICATE OF SERVICE

I certify that on February 10, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Respectfully submitted, this the 10th day of February 2025.

/s/ Terence Steed
Terence Steed

# EXHIBIT A

FILED
DATE: February 7, 2025
TIME: 02/07/2025 4:05:22 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: S. Smallwood

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE    SUPERIOR COURT DIVISION
24CV040619-910

| | |
|---|---|
| Jefferson Griffin, ) | |
|     Petitioner ) | |
| vs. ) | |
| ) | |
| North Carolina State Board of ) | |
| Elections, ) | ORDER |
|     Respondent ) | |
| and ) | |
| Allison Riggs, ) | |
|     Intervenor-Respondent ) | |

    THIS CAUSE WAS HEARD by the undersigned at the February 7, 2025 term of Wake County Superior Court upon Petitioner's petition for judicial review of a final decision by the North Carolina State Board of Elections dismissing one category of protest of the 2024 general election for Seat 6 of the North Carolina Supreme Court (the "Never Resident" category). The Court has carefully considered *de novo* the entire record, the written and oral arguments of counsel, the written arguments of *amici curiae*, and the proffered and other relevant authority. The Court concludes as a matter of law that the Board"s decision was not in violation of constitutional provisions, was not in excess of statutory authority or jurisdiction of the agency, was made upon lawful procedure, and was not affected by other error of law.

    NOW THEREFORE, based upon the foregoing, the Court concludes that the decision of the North Carolina State Board of Elections should be, and hereby is, affirmed.

    IT IS SO ORDERED this the 7th day of February, 2025.

2/7/2025 3:52:14 PM

William R. Pittman
Superior Court Judge

FILED
DATE: February 7, 2025
TIME: 02/07/2025 4:32:05 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: S. Smallwood

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE                         SUPERIOR COURT DIVISION
                                             24CV040620-910

| | |
|---|---|
| Jefferson Griffin,  )  | |
|   Petitioner  ) | |
| vs.  ) | |
|   ) | |
| North Carolina State Board of  ) | |
| Elections,  ) | ORDER |
|   Respondent  ) | |
|   and  ) | |
| Allison Riggs,  ) | |
|   Intervenor-Respondent  ) | |

THIS CAUSE WAS HEARD by the undersigned at the February 7, 2025 term of Wake County Superior Court upon Petitioner's petition for judicial review of a final decision by the North Carolina State Board of Elections dismissing one category of protest of the 2024 general election for Seat 6 of the North Carolina Supreme Court (the "Incomplete Voter Registrations" category). The Court has carefully considered *de novo* the entire record, the written and oral arguments of counsel, the written arguments of *amici curiae*, and the proffered and other relevant authority. The Court concludes as a matter of law that the Board's decision was not in violation of constitutional provisions, was not in excess of statutory authority or jurisdiction of the agency, was made upon lawful procedure, and was not affected by other error of law.

NOW THEREFORE, based upon the foregoing, the Court concludes that the decision of the North Carolina State Board of Elections should be, and hereby is, affirmed.

IT IS SO ORDERED this the 7th day of February, 2025.

2/7/2025 4:30:21 PM

_William R. Pittman_
William R. Pittman
Superior Court Judge

FILED
DATE: February 7, 2025
TIME: 02/07/2025 4:20:17 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: S. Smallwood

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE                  SUPERIOR COURT DIVISION
                                                              24CV040622-910

| | |
|---|---|
| Jefferson Griffin, )<br>                         Petitioner )<br>    vs.                             )<br>                                   )<br>North Carolina State Board of )<br>Elections,                          )<br>                       Respondent )<br>          and                      )<br>Allison Riggs,                 )<br>       Intervenor-Respondent )| **ORDER** |

      THIS CAUSE WAS HEARD by the undersigned at the February 7, 2025 term of Wake County Superior Court upon Petitioner's petition for judicial review of a final decision by the North Carolina State Board of Elections dismissing one category of protest of the 2024 general election for Seat 6 of the North Carolina Supreme Court (the "Lack of Photo Identification for Overeas Voters" category). The Court has carefully considered *de novo* the entire record, the written and oral arguments of counsel, the written arguments of *amici curiae*, and the proffered and other relevant authority. The Court concludes as a matter of law that the Board's decision was not in violation of constitutional provisions, was not in excess of statutory authority or jurisdiction of the agency, was made upon lawful procedure, and was not affected by other error of law.

      NOW THEREFORE, based upon the foregoing, the Court concludes that the decision of the North Carolina State Board of Elections should be, and hereby is, affirmed.

      IT IS SO ORDERED this the 7th day of February, 2025.

                                                    */s/ William R. Pittman*
                                                    William R. Pittman
                                                    Superior Court Judge