Nos. 25-1018(L), 25-1019, 25-1020, 25-1024

# In the United States Court of Appeals for the Fourth Circuit

JEFFERSON GRIFFIN,

*Petitioner-Appellee,*

*v.*

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Respondent-Appellant,*

and

ALLISON RIGGS, ET AL.,

*Intervenors-Respondents.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

**OPPOSITION TO MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE**

| | |
|---|---|
| Mark M. Rothrock | William T. Thompson |
| LEHOTSKY KELLER COHN LLP | *Counsel of Record* |
| 8513 Caldbeck Drive | LEHOTSKY KELLER COHN LLP |
| Raleigh, NC 27615 | 408 W. 11st Street, 5th Floor |
| (336) 416-3326 | Austin, TX 78701 |
| mark@lkcfirm.com | (512) 693-8350 |
| | will@lkcfirm.com |

*Counsel for Petitioner-Appellee*

The Court should deny the Board's motion to issue the mandate "immediately." Dkt. 134. "Deviation from normal mandate procedures is a power of last resort, to be held in reserve against grave, unforeseen contingencies." *Ryan v. Schad*, 570 U.S. 521, 525 (2013) (internal quotation marks omitted). The Board's motion provides no legitimate reason for departing from ordinary practice. Instead, it seeks to deprive Judge Griffin of his procedural rights without justification.

First, the Board fails to identify any benefit of issuing the mandate immediately. The Board points to the ongoing state-court proceedings, *see* Dkt. 134 at 2-3, but issuing the mandate now would not affect those proceedings. The Board concedes that the state trial-court proceedings have already concluded, *see id.* at 2, so immediate issuance of the mandate could not influence them. The Board provides no reason to think state appellate proceedings would be affected by issuing the mandate now compared to in the ordinary course. If it were truly crucial to issue the mandate immediately, the Board would not have waited almost a week to file its motion.

Second, immediate issuance of the mandate would potentially deprive Judge Griffin of the right to file a petition for rehearing. Given the complexity of this case and the procedural issues raised by the Court's opinion, Judge Griffin is actively evaluating whether to file a petition for rehearing. Thus, an order granting the Board's motion would prejudice Judge Griffin. The Board's baseless assertion that any petition for rehearing would be denied, *see* Dkt. 134 at 3, puts the cart before the horse. This Court should not decide

whether a petition for rehearing would be meritorious before the motion has been filed.

## Conclusion

Judge Griffin respectfully requests that the Court deny the Board's motion for immediate issuance of the mandate.

Respectfully submitted.

/s/ *William T. Thompson*

| | |
|---|---|
| Mark M. Rothrock | William T. Thompson |
| LEHOTSKY KELLER COHN LLP | *Counsel of Record* |
| 8513 Caldbeck Drive | LEHOTSKY KELLER COHN LLP |
| Raleigh, NC 27615 | 408 W. 11st Street, 5th Floor |
| (336) 416-3326 | Austin, TX 78701 |
| mark@lkcfirm.com | (512) 693-8350 |
| | will@lkcfirm.com |

*Counsel for Petitioner-Appellee*

2

## CERTIFICATE OF SERVICE

I certify that on February 12, 2025 this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ *William T. Thompson*
William T. Thompson

## CERTIFICATES OF COMPLIANCE

Undersigned counsel certifies that this motion complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), and Local Rule 27.

Dated: February 12, 2025

/s/ *William T. Thompson*
William T. Thompson

3