IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| JEFFERSON GRIFFIN, *Petitioner-Appellee*, v. NORTH CAROLINA STATE BOARD OF ELECTIONS, *Respondent-Appellant*, and ALLISON RIGGS, et al., *Intervenor-Respondents*. | Nos. 25-1018(L), 25-1019, 25-1020, 25-1024 |

## RESPONDENT-APPELLANT'S REPLY IN SUPPORT OF MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE

Under Appellate Rule 27(a)(4), Respondent-Appellant respectfully submits this reply in support of its motion for this Court to direct the Clerk to issue the mandate immediately.

1.  Petitioner asserts that the Board has failed "to identify any benefit of issuing the mandate immediately." Opp. 1. That is incorrect. In state trial court, Petitioner argued that this Court's opinion instructing the district court to retain jurisdiction over the federal

issues here is not in effect until this Court's mandate issues. Petitioner further sought to have the state trial court rule on and reject the Board's federal claims before the district court is able to modify its remand order in accordance with this Court's instructions—presumably so that Petitioner could argue that the state-court order should have preclusive effect against the Board when it returns to federal court.

2.  Petitioner made this position clear at a February 7 hearing in state trial court. At that hearing, Petitioner's counsel claimed that "the Fourth Circuit's decision that's going to eventually modify Judge Myers' order and allow him to retain jurisdiction of the federal defenses" "*is not actually in effect.*" *Griffin v. N.C. Bd. of Elections*, No. 24-cv-040619-910 et al., Transcript at 5, pp 1-7 (Wake Cnty. Sup. Ct. Feb. 7, 2025) (attached as Exhibit A) (emphasis added). Petitioner's counsel further asserted that "Judge Myers' order *remanding the entire case* to this court is currently in effect." *Id.* (emphasis added). Petitioner's counsel then requested that the state trial court immediately rule on the federal-law issues that this Court held the Board has a right to litigate in a federal forum. Petitioner's counsel stated that "the entire case, state law issues and the federal defenses,

2

are before this court" and that "we think those issues should be addressed by the court today." *Id.* at 5-6.

      3.     By issuing the mandate now, this Court can ensure that the district court effectuates this Court's instruction to retain jurisdiction over the federal issues before the conclusion of the state-court litigation. That litigation is proceeding expeditiously. Petitioner has appealed from the trial court's denial of his petitions for judicial review and asked the state court of appeals to expedite review of his appeal. *See Griffin v. N.C. State Bd. of Elections*, No. P25-104, Rule 2 Motion to Expedite Appeal Expedited Decision Requested at Doc. 1, https://www.ncappellatecourts.org/show-file.php?document_id=369474 (last visited Feb. 13, 2025) (N.C. App., Feb. 11, 2025). Issuing the mandate now will avoid any doubt about the district court's ability, consistent with this Court's opinion, to exercise jurisdiction over the federal issues when the state proceedings conclude.

      4.     Petitioner faults the Board for "wait[ing] almost a week to file its motion." Opp. 1. But the Board was not aware of Petitioner's effort to thwart federal jurisdiction until the Friday, February 7 hearing

3

in state trial court. The Board moved this Court to immediately issue the mandate the next business day, on Monday, February 10.

5.  Petitioner finally states that he "is actively evaluating whether to file a petition for rehearing." Opp. 1. Under Appellate Rule 40(d)(1), Petitioner must file any rehearing petition by Tuesday, February 18. If the Court concludes that Petitioner should be afforded the full time in which to file a rehearing petition, the Board respectfully submits that, at a minimum, the Court should direct the Clerk to issue the mandate immediately after that deadline expires—on Wednesday, February 19—in the event that Petitioner fails to seek rehearing.

Respectfully submitted, this the 13th day of February 2025.

/s/ Terence Steed
Terence Steed
Mary Carla Babb
Special Deputy Attorneys General

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
(919) 716-6400
nbrod@ncdoj.gov
tsteed@ncdoj.gov
mcbabb@ncdoj.gov

*Counsel for Respondent-Appellant*

4

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with Federal Rule of Appellate Procedure 27(d) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 782 words.

Respectfully submitted, this the 13th day of February 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Respectfully submitted, this the 13th day of February 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General

```
STATE OF NORTH CAROLINA         IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION
COUNTY OF WAKE                          24CV040619-910
                                        24CV040620-910
JEFFERSON GRIFFIN,         |            24CV040622-910
                           |
          Petitioner,      |
                           |
     v.                    |   FEBRUARY 7, 2025
                           |
NORTH CAROLINA STATE BOARD |   PAGES 1 - 107
OF ELECTIONS,              |
                           |
          Respondent.      |


          *********************************

          FEBRUARY 7, 2025, CIVIL SESSION

     HONORABLE WILLIAM R. PITTMAN, JUDGE PRESIDING

                TRANSCRIPT OF HEARING

                  VOLUME 1 OF 1

          *********************************








----------------------------------------------------------------

Maren M. Fawcett, RPR, CRR
Registered Professional Reporter
Certified Realtime Reporter
Official Court Reporter, District 10
Wake County, North Carolina
```

Exhibit A

```
APPEARANCES:

On behalf of the Petitioner:

Craig D. Schauer, Esq.
Troy D. Shelton, Esq.
Dowling, PLLC
3801 Lake Boone Trail, Suite 260
Raleigh, North Carolina 27607
cschauer@dowlingfirm.com
tshelton@dowlingfirm.com

- and -

Philip R. Thomas, Esq.
Jonathan Marx, Esq.
Chalmers, Adams, Backer, Kaufman, PLLC
204 Person Street
Raleigh, North Carolina 27601
pthomas@chalmersadams.com
jmarx@chalmersadams.com

On behalf of the Respondent:

Terence Steed, Esq.
Mary Carla Babb, Esq.
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
tsteed@ncdoj.gov
mcbabb@ncdoj.gov

On behalf of the Intervenor Allison Riggs:

Raymond M. Bennett, Esq.
Womble Bond Dickinson (US) LLP
555 Fayetteville Street,Suite 1100
Raleigh, North Carolina 27601
ray.bennett@wbd-us.com
```

Exhibit A

3

## INDEX

| | |
|---|---|
| Court's Ruling on Motion to Intervene by Allison Riggs | 7 |
| Court's Ruling on Motion to File Amicus Curiae Brief by Impacted Voters and Nonpartisan Organizations | 7 |
| Court's Ruling on Motion to File Amicus Brief by Jay DeLancy | 7 |
| Court's Ruling on Motion to File Amicus Briefs by Secure Families Initiative and Count Every Hero | 7 |
| Argument by Mr. Schauer | 8 |
| Argument by Mr. Shelton | 23 |
| Argument by Mr. Schauer | 37 |
| Argument by Mr. Bennett | 42 |
| Argument by Mr. Steed | 71 |
| Rebuttal Argument by Mr. Schauer | 102 |
| Rebuttal Argument by Mr. Shelton | 104 |

Exhibit A

```
                1         (Superior Court of Wake County convened civil
                2         court session on Friday, February 7, 2025, at
                3         10:03 a.m., before the Honorable William R.
                4         Pittman.  The case of Griffin v. North Carolina
                5         State Board of Elections was called for hearing at
                6         10:03 a.m.)
10:03:06        7              THE COURT:  Good morning.  Good morning, ladies
10:03:08        8    and gentlemen.  Welcome to the civil session of Wake County
10:03:10        9    Superior Court.  We are here today in 24CV040619, 620, and
10:03:27       10    622, which are titled Jefferson Griffin vs. North Carolina
10:03:31       11    State Board of Elections.
10:03:34       12              This is a petition for judicial review of a final
10:03:38       13    decision of the State Board of Elections on three different
10:03:44       14    matters and that's it.
10:03:49       15              As you can see, we are full to overflowing, and
10:03:56       16    Ms. Fawcett is one of the best court reporters in the world,
10:04:01       17    but she can't hear if anybody else is talking.  So if you
10:04:05       18    need to have a conversation with somebody, please take it
10:04:07       19    outside.  And if you take it outside and lose your seat, I'm
10:04:13       20    sorry.
10:04:15       21              All right.  I will hear from petitioner and you do
10:04:19       22    it in whatever order you want to do it.
10:04:23       23              MR. SCHAUER:  Good morning, Your Honor.
10:04:24       24              THE COURT:  Good morning.
10:04:25       25              MR. SCHAUER:  My name is Craig Schauer on behalf
```

| | | |
|---|---|---|
| 10:04:27 | 1 | of Judge Griffin, the petitioner. I think we may need to |
| 10:04:30 | 2 | address a threshold issue, which is the notice of the |
| 10:04:33 | 3 | *England* reservation that the respondents filed. |
| 10:04:36 | 4 | THE COURT: Okay. |
| 10:04:36 | 5 | MR. SCHAUER: I want to make a few points about |
| 10:04:38 | 6 | that. I think it might make sense for the other side to |
| 10:04:41 | 7 | respond to my points. |
| 10:04:42 | 8 | THE COURT: Okay. |
| 10:04:43 | 9 | MR. SCHAUER: All right. So they filed an *England* |
| 10:04:44 | 10 | reservation in light of the Fourth Circuit's decision, and I |
| 10:04:48 | 11 | think we'll clarify this, but my understanding is they are |
| 10:04:50 | 12 | not going to push the federal defenses that the State Board |
| 10:04:53 | 13 | identified in their order. We have some concerns if that's |
| 10:04:55 | 14 | their position. |
| 10:04:55 | 15 | One, we think they may have waived their ability |
| 10:04:58 | 16 | to not push those defenses because they've already been |
| 10:05:01 | 17 | briefed. |
| 10:05:01 | 18 | Two, we believe they're taking this position in |
| 10:05:04 | 19 | light of the Fourth Circuit's decision that's going to |
| 10:05:06 | 20 | eventually modify Judge Myers' order and allow him to retain |
| 10:05:10 | 21 | jurisdiction of the federal defenses. That order is not |
| 10:05:13 | 22 | actually in effect. Judge Myers' order remanding the entire |
| 10:05:16 | 23 | case to this court is currently in effect this morning, and |
| 10:05:19 | 24 | so we believe the entire case, state law issues and the |
| 10:05:22 | 25 | federal defenses, are before this court this morning. |

| | | |
|---|---|---|
| 10:05:25 | 1 | Second, even when the mandate were to come into |
| 10:05:28 | 2 | effect and Judge Myers were to modify his order and retain |
| 10:05:31 | 3 | jurisdiction, it's not clear that that would deprive the |
| 10:05:33 | 4 | courts of addressing those federal defenses. |
| 10:05:35 | 5 | And that leads us to the fourth point, which I |
| 10:05:37 | 6 | believe the State Board said this in their notice, the court |
| 10:05:41 | 7 | should construe the state law claims in light of the federal |
| 10:05:44 | 8 | issues; and, therefore, we think the issues are intertwined |
| 10:05:47 | 9 | and the court can't actually rule on Judge Griffin's claims |
| 10:05:51 | 10 | without addressing the federal defenses that the State Board |
| 10:05:53 | 11 | relied on in its decision. |
| 10:05:55 | 12 | So, for those reasons, we think those issues |
| 10:05:57 | 13 | should be addressed by the court today, but we want to make |
| 10:05:59 | 14 | sure the respondents have an opportunity to address that as |
| 10:06:01 | 15 | well. |
| 10:06:02 | 16 | THE COURT:  Okay. |
| 10:06:04 | 17 | MR. STEED:  Your Honor, this is actually pretty |
| 10:06:05 | 18 | simple.  It's not terribly important, plaintiff's view of |
| 10:06:09 | 19 | this.  We are asserting the reservation, the defendants |
| 10:06:13 | 20 | here, the respondents. |
| 10:06:15 | 21 | The briefing that came to this court came on |
| 10:06:17 | 22 | Monday.  The ruling that changed the abstention came from |
| 10:06:21 | 23 | the Fourth Circuit after that, and then we filed our *England* |
| 10:06:23 | 24 | reservation.  That *England* reservation and the notice that |
| 10:06:26 | 25 | we filed should be considered and understood to be an |

Maren M. Fawcett, RPR, CRR
Official Court Reporter

Exhibit A

| | | |
|---|---|---|
| 10:06:29 | 1 | amendment to those arguments. And the way that we plan on |
| 10:06:32 | 2 | handling it today is placing our *England* reservation in the |
| 10:06:36 | 3 | record exactly as we are required to do by the federal |
| 10:06:40 | 4 | issues and then not arguing those federal issues. |
| 10:06:42 | 5 | He's absolutely correct, that those same line of |
| 10:06:45 | 6 | federal cases require or allow this court to take notice of |
| 10:06:47 | 7 | those federal arguments for the purpose of interpreting |
| 10:06:51 | 8 | state statute. What we are saying is that we will not be |
| 10:06:54 | 9 | arguing that because we have to do that in order to preserve |
| 10:06:56 | 10 | our ability to get back to federal court after all the State |
| 10:06:59 | 11 | proceedings are finished. |
| 10:07:00 | 12 | THE COURT: I think that's fine. I agree with |
| 10:07:02 | 13 | you -- with both of you that that doesn't preclude this |
| 10:07:06 | 14 | court from considering those issues in its ruling if it |
| 10:07:10 | 15 | decides it's relevant. |
| 10:07:12 | 16 | Let me do another couple of housekeeping things. |
| 10:07:17 | 17 | The motion of Justice Riggs to intervene is allowed. |
| 10:07:25 | 18 | The motion for leave to file amicus curiae brief |
| 10:07:31 | 19 | by impacted voters and nonpartisan organizations is allowed. |
| 10:07:36 | 20 | The motion to file amicus by Jay DeLancy, who is |
| 10:07:43 | 21 | an individual that's self-represented, is allowed. And the |
| 10:07:47 | 22 | motion for leave to file amicus briefs on behalf of Secure |
| 10:07:53 | 23 | Families Initiative and Count Every Hero, an unincorporated |
| 10:07:58 | 24 | association, is allowed. And the court has read those |
| 10:08:03 | 25 | briefs. |

Maren M. Fawcett, RPR, CRR
Official Court Reporter

Exhibit A